**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| DANA SMOLER, ) | |
| ) | |
| Plaintiff, ) | Case No. 20 CV 00493 |
| vs. ) | |
| ) | |
| BOARD OF EDUCATION for WEST ) | |
| NORTHFIELD SCHOOL DISTRICT #31, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants, Board of Education of West Northfield School District #31, (the "Board"), West Northfield School District #31 (the "School District or "District"), individually and Nancy Hammer, Jeffrey Steres, Daphne Frank, Robert Resis and Robert Spector (collectively the "individual Defendants") by and through their attorneys, Lynn Himes and Darcee Williams of Himes, Petrarca & Fester, hereby submit their Motion to Dismiss Plaintiff, Dana Smoler's ("Plaintiff") Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and in support thereof, state as follows.

**I.     Introduction**

1.     On January 22, 2020, the Plaintiff, a former tenured teacher at the School District, filed a lawsuit against the Board of Education, the School District and five individual Board members. Docket No. 1. On February 12, 2020, Plaintiff filed her amended complaint which is the operative complaint ("Complaint") in this matter. Docket No. 6; MTD Memo, Ex. 1[1]. The five-count Complaint alleges: Count I, violation of civil rights pursuant to 42 U.S.C. Section 1983; Count

---

[1] Simultaneous with this Motion, Defendants are filing a Memorandum in Support of Their Motion to Dismiss. All exhibits are attached to the Memorandum and are cited herein as "MTD Memo, Ex. ___." The Memorandum is incorporated herein by this reference.

1

II, a state law defamation claim; Count III, violation of liberty interest; Count IV, coerced resignation; and Count V, a State law claim of breach of contract. *Id.*

2. Plaintiff's allegations arise as a result of her own unprofessional conduct in making a false report alleging a colleague harassed her. As a result of Plaintiff's conduct, the Board adopted a Notice to Remedy directing the Plaintiff to take certain actions to remedy her conduct.

3. At no time was Plaintiff deprived of any of the rights to which she was entitled. She was never disciplined for her conduct. She was simply directed to remedy the deficiencies in her conduct by taking certain corrective action consistent with the professional conduct expected of all school employees and in the best interest of students. The Board exercised its statutory right to issue the Notice to Remedy and Plaintiff now claims her rights were violated.

**II.    Parties**

4. Plaintiff named as Defendants: (1) the Board of Education of West Northfield School District #31, (2) West Northfield School District #31; (3) Nancy Hammer; (4) Jeffrey Steres; (5) Daphne Frank; (6) Robert Resis; and (7) Robert Spector.

5. The Defendant, the Board of Education of West Northfield School District #31 is the governing body of the School District and is the legal entity that can sue and be sued pursuant to the Illinois School Code.  105 ILCS 5/10-2.

6. The Defendant, West Northfield School District #31, is a local public-school district located in Northbrook, Illinois. The District operates one elementary and one middle school and has an enrollment of approximately 868 students. The District is governed by a duly elected, seven-member Board of Education, also named as a Defendant.

7. Nancy Hammer, Jeffrey Steres, Daphne Frank, Robert Resis and Robert Spector are members of the Board of Education who were present at a Board meeting on January 24, 2019.

8. Plaintiff, Dana Smoler is a former tenured teacher at the District's elementary school and, at all relevant times, a member of the teacher's association.

### III. Standard of Review

9. A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990).

10. In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Anchor Bank, FSB v. Hofer,* 649 F. 3d 610, 614 (7th Cir. 2011).

11. In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must include sufficient facts to state a claim for relief that is plausible on its face. *Justice v. Town of Cicero,* 556 US 662, 678-79, 577 F.3d 768, 771 (7th Cir. 2009).

12. Legal conclusions are insufficient to state a claim to satisfy the requirements of Rule 12(b)(6). *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950-51 (2009).

13. A motion to dismiss under Rule 12(b)(1) challenges federal jurisdiction and the plaintiff bears the burden of establishing that the elements necessary for jurisdiction have been met. *Scanlan v. Eisenburg,* 669 F.3d 838, 841-42 (7th Cir. 2012).

14. In ruling on a 12(b)(1) motion, the court may look outside of the complaint's allegations and consider whatever evidence has been submitted on the issue of jurisdiction. *Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir. 1995).

### IV. Facts

15. In the fall of the 2018/2019 school year, Plaintiff had a difference of opinion with a colleague regarding a student. MTD Memo Ex. 3, p. 2, ¶ I.A.1; Doc. #6, Page ID #37.

16. Thereafter, in November 2018, Plaintiff reported to her assistant principal that she was emotionally abused, bullied and harassed by that colleague. MTD Memo Ex. 3, p. 2, ¶ I.A; Doc. #6, Page ID #37.

17. The District investigated Plaintiff's allegations against her colleague pursuant to the Board's Workplace Harassment Policy[2] and found that Plaintiff's allegations that her colleague emotionally abused, bullied and harassed her, were false. MTD Memo Ex. 3, p. 2, ¶ I.A.3-4; Doc. #6, Page ID #37.

18. On January 24, 2019, a regular Board of Education meeting took place. The five individual Board member Defendants present at the Board meeting voted to adopt a Resolution authorizing a Notice to Remedy ("NTR") pursuant to 105 ILCS 5/24-12. See Resolution of Board of Education authorizing adoption of a Notice to Remedy, attached to the MTD Memo as Ex. 2 and attached to Plaintiff's Complaint as Ex. A; see also Notice to Remedy, attached to MTD Memo as Ex. 3 and attached to the Plaintiff's Complaint as Exhibit B.

19. The NTR instructs Plaintiff to "remove and remedy each and every cause, charge, defect and reason stated in Exhibit 1, and to follow all directives." MTD Memo Ex. 3, p. 1, Doc. #6, Page ID #34.

20. The last two sentences of the NTR state: "Please feel free to request assistance and aid of members of the administrative staff to bring about a correction of the deficiencies. It is our hope that these deficiencies will be promptly remedied and never reoccur." MTD Memo Ex. 3, p. 1.

21. The NTR identifies the deficiencies in Plaintiff's conduct discussed above regarding her false report of emotional abuse, bullying and harassment and the required corrective action Plaintiff must undertake to remedy her conduct. MTD Memo Ex. 3, Doc. #6, Page ID #34, 37-39.

---

[2] The Board's Workplace Harassment Policy provides that employees should use the Board's Uniform Grievance Procedure to report claims of harassment.

22. Among the corrective action required of Plaintiff is that she is to refrain from making false reports about colleagues, apologize to her colleague about whom she made the false allegations, meet with her colleague and work on ways to foster a more positive relationship, respect the professional opinions of her colleagues and strive for mutual respect and cooperation, among other required corrective action. MTD Memo Ex. 3, pp. 3-4, ¶ II; Doc. #6, Page ID #38-39.

23. The NTR further provides that, "your failure to comply with each and every requirement of this Notice to Remedy **may** result in discipline, up to and including termination of your employment." (emphasis added). MTD Memo Ex. 3, p. 4; Doc. #6, Page ID #39.

24. The NTR did not change the Plaintiff's salary, compensation, benefits, assignment or her job duties in any way. MTD Memo Exs. 2-3; Doc. #6, Page ID #34-39.

25. The NTR did not result in Plaintiff's suspension (with or without pay), or termination or any form of discipline. *Id.*

26. Plaintiff remained in the same position as she was in before the NTR was adopted as she was in after the NTR was adopted. *Id.*

27. On April 1, 2019, Plaintiff went on FMLA leave. MTD Memo Ex. 1, ¶43; Doc. #6, Page ID #31.

28. On July 17, 2019, Plaintiff resigned from the School District. MTD Memo Ex. 1, ¶44; Doc. #6, Page ID #31.

**V.    Argument**

    **A.    Claims Against Board Members in Their Official Capacity Should Be Dismissed**

29. Plaintiff's claims against the individual Board members in their official capacity are redundant and should be dismissed.

30. Official capacity suits are equivalent to suing the entity itself, *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 2035 (1978). Therefore, naming the individual defendants in their official capacities serves no legitimate purpose. *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3106-07 (1985), *Kiser v. Naperville Cmty. Unit*, 227 F. Supp. 2d 954, 960-961 (N.D. Ill. 2002).

31. Accordingly, the claims against the individual school board member defendants in their official capacity should be dismissed.

### B. School District Improperly Named as Party

32. Plaintiff incorrectly named West Northfield School District #31 as a Defendant.

33. The School District's legal identity is the Board of Education of West Northfield School District 31. Only the Board, which is also named as a Defendant, may sue and be sued. 105 ILCS 5/10-2, see also, *Board of Education of Bremen High S.D. No. 228 v. Mitchell*, 387 Ill. App. 3d 117, 124, 899 N.E.2d 1160, 1166 (1st Dist. 2008).

34. Accordingly, West Northfield School District 31 should be dismissed as a Defendant in this action.

### C. No Deprivation of Property Interest Triggering Right to *Loudermill* Hearing

35. In Count I, Plaintiff alleges she did not receive a *Loudermill* hearing because she did not receive notice and an opportunity to be heard before the Board allegedly imposed disciplinary action against her. *Cleveland Board of Education v. Loudermill et al.*, 470 U.S. 532, 105 S. Ct. 1487 (1985).

36. The *Loudermill* case provides that an individual be given an opportunity for a hearing before he/she is deprived of any significant property interest. *Loudermill,* 470 U.S. at 542, 105 S. Ct. at 1493.

37. To prevail on a claim for the deprivation of property without due process, a plaintiff must establish that she holds a protected property interest. *Loudermill*, 470 U.S. at 538, 105 S. Ct. at 1491.

38. The Board adopted a NTR in January 2019 pursuant 105 ILCS 5/24-12, directing Plaintiff to remedy her deficient conduct.

39. No significant property interest is implicated by the Board's adoption of the NTR.

40. The NTR merely advises Plaintiff that she is to remove and remedy the conduct described therein and follow directives to avoid being disciplined in the future for engaging in the same conduct. MTD Memo Ex. 3, Doc. #6, Page ID #34, 37-39.

41. While the District could have imposed some type of discipline on Plaintiff outside of the NTR, none was imposed here.

42. Plaintiff suffered no loss of salary, compensation or benefits upon adoption of the NTR. She was not suspended with or without pay, or terminated. She was only directed to remedy her deficient conduct.

43. Suspensions with pay do not infringe property interests and do not entitle a party to a *Loudermill* hearing before imposing the suspension. *See, e.g., Pitts v. Board of Educ. of U.S.D. 305, Salina, Kansas*, 869 F.2d 555, 556 (10th Cir. 1989).

44. Therefore, a NTR, without more, could not implicate any property interest. *See, e.g., Pitts,* 869 F.2d at 556 (10th Cir. 1989), *Cronin v. Town of Amesbury*, 895 F. Supp. 375, 386 (D. Mass. 1995), *Hicks v. City of Watonga, Okla.*, 942 F.2d 737, 746 n.4 (10th Cir. 1991).

45. Further, the Illinois Supreme Court has ruled that a NTR cannot be grieved because it is a statutory requirement in order for the board to move down the continuum towards the

discharge. *Board of Educ. of Rockford Sch. Dist. No. 205 v. Illinois Educational Labor Relations Bd.,* 156 Ill.2d 556, 638 N.E.2d 1113 (1994).

46. Because Plaintiff was not deprived of any significant property interest as a result of the Board's actions in adopting the NTR, Plaintiff's *Loudermill* claim should be dismissed.

**D. No Discipline Imposed to Trigger *Weingarten* Rights**

47. In Count I, Plaintiff also alleges violations of her "Weingarten" rights because she allegedly did not have any union representation when the Board was contemplating disciplinary action against her. *NLRB v. Weingarten*, 420 U.S. 251, 95 S.Ct 959 (1975), MTD Memo, Ex. 1, pp. 5-6.

48. *Weingarten* rights are a worker's right to have a union representative during an interview that she reasonably believes may lead to disciplinary action. *Id*.

49. As discussed, no disciplinary action was taken against Plaintiff. Hence, no *Weingarten* rights were triggered.

50. Because no disciplinary action was imposed on Plaintiff, she was not entitled to Union representation during the investigation of her allegations against her colleague or during the Board meeting when the NTR was adopted.

51. Accordingly, Plaintiff's *Weingarten* claim should be dismissed.

**E. No Procedural Due Process Violations By Individual Board Members**

52. In addition to raising her procedural due process claim against the Board, Plaintiff alleges that individual Board members violated her procedural due process rights by not apprising her of the accusations against her or inviting her to the January 2019 Board meeting to discuss the allegations. MTD Memo, Ex. 1, p. 4.

53. As discussed above, Plaintiff had no right to notice or an opportunity to be heard and no entitlement to union representation before the Board adopted the NTR. Therefore, her procedural rights were not violated.

54. Moreover, the individual Board member's actions in voting to adopt the NTR could not serve as a basis for a procedural due process violation. *Roberts v. Board of Educ.*, 25 F. Supp. 2d 866, 868-869 (N.D. Ill. 1998).

55. Accordingly, Plaintiff's procedural due process claims against the individual Board members should be dismissed.

### F. Allegations of Defamation Unsupported

56. Count II of Plaintiff's complaint alleges defamation *per se* on the basis that the NTR "which was adopted at a public BOE [meeting] branded plaintiff as a liar." MTD Memo. Ex. 1, ¶31.

57. Liability for defamation exists where there is: a false and defamatory statement concerning another, an unprivileged publication of that statement to a third party, fault amounting at least to negligence on the part of the publisher, and either actionability of the statement irrespective of special damages or the existence of special damages caused by the publication. Restatement (Second) of Torts § 558 (1977); *Krasinski v. United Parcel Service, Inc.*, 124 Ill. 2d 483, 530 N.E.2d 468 (1988).

58. A publication is defamatory *per se* if the defamatory character of the statement is apparent on its face and extrinsic facts are not necessary to explain it. *Brown & Williamson Tobacco Corp. v. Jacobson*, 713 F.2d 262, 267 (7th Cir. 1983), *Ianson v. Zion-Benton Twp. High Sch.*, 2001 U.S. Dist. LEXIS 1931, *18-19 (N.D. Ill. 2001).

59. Here, Plaintiff has not shown the alleged defamatory statement was published to the public. MTD Memo, Ex. 1, ¶¶ 31, 33.

9

60. The open meeting minutes of the Board meeting on January 24, 2019 reflect only that a motion was made to approve the NTR regarding Plaintiff and the motion passed. See, MTD Memo, Ex. 4. The Court may take judicial notice of the minutes which are publicly available on the Defendants' website. *Chavarin v. Westchester Public Library Board of Trustees*, No. 15 C 2040, 2015 U.S. Dist. LEXIS 114345, at *10 n.2 (N.D. Ill. Aug. 28, 2015).

61. There is nothing in the minutes to support Plaintiff's allegation that the Defendants made a defamatory statement, let alone that the NTR itself was published during the open session of the Board meeting.

62. Moreover, Plaintiff has not plead that anyone from the pubic was present at the Board meeting to see or hear any allegedly defamatory statement.

63. Even if deemed published, "[i]t is well settled that, even if an alleged statement falls into one of the categories of words that are defamatory *per se*, it will not be actionable *per se* if it is reasonably capable of an innocent construction." *Green v. Rogers*, 234 Ill.2d 478, 499, 917 N.E. 2d 450, 463 (2009), *Nelson v. Bd. of Educ.*, 292 F. Supp. 3d 792, 800 (N.D. Ill. 2017).

64. The innocent construction rule requires that, "A written or oral statement is to be considered in context, with the words and the implications therefrom given their natural and obvious meaning; if, as so construed, the statement may reasonably be innocently interpreted or reasonably be interpreted as referring to someone other than the plaintiff it cannot be actionable *per se.*" *Id.*

65. Plaintiff alleges that the NTR "branded" her as a "liar." Nowhere does the NTR use the term "liar."

66. Taken in context, the deficiency in Plaintiff's conduct addressed in the NTR is her making a false report and false accusations regarding a colleague as a result of differing professional opinions. MTD Memo Ex. 3, Doc. #6, Page ID #34, 37-39.

67. The NTR is capable of innocent interpretation. While possibly unflattering or embarrassing, the NTR does not "brand Plaintiff a liar."

68. Accordingly, Plaintiff's defamation claim should be dismissed.

### G. Individual Defendants Immune from Liability for Alleged Defamation

69. Even if the Plaintiff had a valid claim for defamation, the individual defendants have an absolute privilege from liability for defamation because the alleged defamatory statements were made within the scope of their official duties. *Klug v. Chicago Sch. Reform Bd. of Trustees*, 197 F.3d 853, 861 (7th Cir. 1999), *Blair v. Walker*, 64 Ill.2d 1, 349 N.E.2d 385 (1976).

70. All of Plaintiff's allegations against the individual Board Member Defendants relate to their official duties occurring at a Board meeting. Accordingly, Plaintiff's defamation claim against the individual Board members should be dismissed.

### H. No Deprivation of Liberty Interest Occurred

71. In Count III, Plaintiff alleges violations of her liberty interest in pursuing a teaching career. MTD Memo, Ex. 1, p. 6.

72. A claim that a public employer has violated an employee's right to pursue her occupation requires action by the employer that stigmatizes the employee; public disclosure of the stigmatizing information; and a tangible loss of other employment opportunities as a result of the public disclosure. *Roller v. Board of Education*, No. 05 C 3638, 2006 U.S. Dist. LEXIS 2269, at *8-10 (N.D. Ill. Jan. 18, 2006).

73. Plaintiff's claim must fail because not only is the alleged stigmatizing statement not sufficiently severe, Plaintiff cannot show the information was publicly disclosed, or that she has a tangible loss of other employment opportunities.

74. Therefore, the Plaintiff does not have an actionable claim that she was deprived of a liberty interest.

### I. Plaintiff's Allegations of Coerced Resignation Fail to State a Claim

75. Plaintiff alleges coerced resignation in Count IV.

76. A coerced resignation claim requires an explicit direction that the plaintiff resign. *Ulrey v. Reichhart*, 941 F.3d 255, 261 (7th Cir. 2019), *Farlin v. The Library Store, Inc.*, No. 08-CV-1194, 2010 U.S. Dist. LEXIS 34924 (C.D. Ill. 2010).

77. There are no allegations to support Plaintiff's claim that she was coerced into resigning by Defendants' explicit direction to remedy. Indeed, as noted above, the last two sentences of the NTR state: "Please feel free to request assistance and aid of members of the administrative staff to bring about a correction of the deficiencies. It is our hope that these deficiencies will be promptly remedied and never reoccur." MTD Memo Ex. 3, p. 1.

78. Even if Plaintiff had properly alleged coerced resignation, her claim still fails because the NTR was not adopted incident to her loss of employment.

79. The alleged stigma to Plaintiff's reputation must accompany the alleged adverse employment decision. *Siegert v. Gilley,* 111 S. Ct. 1789 (1991); *see also Koch v. Stanard,* 962 F.2d 605, 608 (7th Cir. 1992), *Wroblewski v. Washburn*, 965 F.2d 452, 456-457 (7th Cir. 1992).

80. The NTR was adopted on January 24, 2019. Plaintiff resigned on July 17, 2019[3], almost six months later. Therefore, her coerced resignation claim should be dismissed.

### J. Breach of Contract Not Properly Plead

81. In Count V, Plaintiff alleges a breach of contract claim based on an alleged violation of the Board of Education's policy titled the Uniform Grievance Procedure ("UGP"). Plaintiff alleges Defendants violated the UGP in various ways.

82. To state a cause of action for breach of contract, the plaintiff must allege facts establishing that the parties exchanged an offer, an acceptance and consideration. *Mulvey v. Carl Sandburg High School*, 2016 IL App (1st) 151615, ¶ 29, 66 N.E.3d 507, citing *Duldulao v. Saint Mary of Nazareth Hospital Center*, 115 Ill.2d 482, 489, 505 N.E.2d 314, 318 (1987).

83. "An employee handbook or other policy statement creates enforceable contractual rights if the traditional requirements for contract formation are present.*"* Three requirements must be met for an employee handbook or policy statement to form a contract: (1) the language of the policy statement must contain a promise clear enough that an employee would reasonably believe an offer has been made; (2) the statement must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer; and (3) the employee must accept the offer by "commencing or continuing to work after learning of the policy statement." *Duldulao*, 115 Ill.2d at 490, 505 N.E.2d at 318.

84. Plaintiff has not alleged an offer, acceptance or consideration let alone the three requirements set forth in *Duldulao*. Therefore, her breach of contract claim should be dismissed.

---

[3] Paragraph 44 of Plaintiff's Complaint alleges that Plaintiff resigned on July 17, 2020. Defendants assume an inadvertent typographical error as Plaintiff resigned July 17, 2019.

85. Moreover, even if the breach of contract claim was properly pled, her claim still must fail. Pursuant to 105 ILCS 5/10-20.5, the UGP sets forth a complaint or grievance procedure to be used to investigate and resolve various types of complaints when an individual believes his/her rights have been violated. MTD Memo, Ex. 5.

86. An alleged violation of the UGP cannot be pursued as a breach of contract claim. *Lucero v. Nettle Creek School Corp.*, 566 F.3d 720, 732-33 (7th Cir. 2009).

87. Moreover, it is clear that Plaintiff's claim was investigated as the NTR indicates that an investigation took place and the finding was supported by the investigatory interviews and written communications between Plaintiff and her colleague. Ex. 3, p. 2, ¶I.A.3.

88. The fact that Plaintiff was unhappy with the outcome of the investigation, does not amount to a breach of the UGP.

89. Lastly, the breach of contract claim should be dismissed because Plaintiff has no protectible interest in the procedural rights of the UGP. *A.J. & R.J. v. Butler Illinois Sch. Dist. 53*, No. 17 C 2849, 2018 U.S. Dist. LEXIS 49121 (N.D. Ill. Mar. 26, 2018).

90. Accordingly, Plaintiff's breach of contract claim must fail.

**K.  Plaintiff Suffered No Adverse Employment Action**

91. Within her breach of contract claim, Plaintiff alleges the NTR was issued in retaliation for voicing her concerns. To succeed on a claim for retaliation under Title VI, a plaintiff must establish that (1) she engaged in protected activity, (2) her educational institution took an adverse action against her, and (3) a causal connection existed between the protected activity and the adverse action. *Brown v. William Rainey Harper College*, No. 16 C 1071, 2017 U.S. Dist. LEXIS 121333, at *14 (N.D. Ill. Aug. 1, 2017).

92. There was no adverse employment action taken against Plaintiff here. As discussed, she was not terminated, reassigned or demoted and she suffered no loss or change in benefits as a result of the issuance of the NTR.

93. Accordingly, Plaintiff's breach of contract claims as well as any ancillary retaliation claim should be dismissed.

### VI. Dismissal Arguments Pursuant to Rule 12(b)(1)

#### A. This Court Should Not Exercise Supplemental Jurisdiction

94. Plaintiff alleges both federal and State law claims. Defendants move to dismiss all of Plaintiff's claims.

95. In the event, Plaintiff's federal claims are dismissed and any State law claims remain viable, this Court should not exercise supplemental jurisdiction over Plaintiff's State law claims.

WHEREFORE, in light of the foregoing, BOARD OF EDUCATION OF WEST NORTHFIELD SCHOOL DISTRICT #31, WEST NORTHFIELD SCHOOL DISTRICT #31, individually and NANCY HAMMER, JEFFREY STERES, DAPHNE FRANK, ROBERT RESIS AND ROBERT SPECTOR, pray for this Court to dismiss the Plaintiffs' Complaint and for any further relief this Court deems fair and just.

Respectfully submitted,

By:    /s/ DARCEE C. WILLIAMS
        On Behalf of Defendants

A. LYNN HIMES, #3123787
DARCEE C. WILLIAMS, 6276211
HIMES, PETRARCA & FESTER, CHTD.
180 N. Stetson, Suite 3100
Chicago, Illinois 60601
G:\WP51\COMMON\SD0\SD031C\Smoler - Litigation Threat\Pleadings, Motion and Court Submissions\MTD Final\MTD FINAL.docx